UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

FRANKLIN R. MERCEDES,
and other similarly-situated individuals,

    Plaintiff (s),

v.

H Z & J SERVICES LLC,
and HELVER ZUNIGA, SR,
individually,

    Defendants,

_____/

# COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff FRANKLIN R. MERCEDES and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants H Z & J SERVICES LLC, and HELVER ZUNIGA, SR, individually, and alleges:

1. This is an action to recover money damages for unpaid minimum and overtime wages, and retaliatory damages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"),

2. Plaintiff FRANKLIN R. MERCEDES is a resident of Osceola County, Florida within the jurisdiction of this Court. The Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant H Z & J SERVICES LLC, (hereinafter H Z & J SERVICES, or Defendant) is a Florida corporation, having its place of business at Casselberry, Seminole County, Florida. The Defendant was and is engaged in interstate commerce.

4. The individual Defendant HELVER ZUNIGA, SR. was and is now, the owner/officer and manager of Defendant Corporation H Z & J SERVICES. Defendant HELVER ZUNIGA, SR. is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Osceola County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff FRANKLIN R. MERCEDES as a collective action to recover from Defendant unpaid regular wages, overtime compensation, liquidated damages, retaliatory damages and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after September 2019, (the "material time") without being properly compensated.

7. Defendant H Z & J SERVICES is a Florida Corporation that operates a sanitation or trash and debris collection business in Osceola County, Florida.

8. The Defendants H Z & J SERVICES, HELVER ZUNIGA, SR employed Plaintiff FRANKLIN R. MERCEDES, as a non-exempted, full-time, hourly employee from approximately from September 20, 2019, to February 14, 2020, or 23 weeks.

9. The Plaintiff was hired as a local driver to deliver empty construction debris containers and to pick up full debris containers.

10. The Plaintiff was paid at the rate of $18.00 an hour. The Plaintiff's overtime rate should be $27.00 an hour.

11. During his time of employment with Defendants, the Plaintiff worked 6 days per week. The Plaintiff had a regular schedule, and he worked from Monday to Friday from 6:30 AM to 6:30 PM (12 hours daily); on Sunday Plaintiff worked from 8:00 AM to 4:30 PM (8 hours). Many times, Plaintiff began to work even earlier, at 6:00 AM. The Plaintiff completed a minimum average of 65.5 working hours weekly. (The Plaintiff has already deducted 3 hours of lunchtime weekly).

12. Every day Plaintiff began to work at 6:30 AM or earlier, but he always wrote 7:00 AM as his clock-in time. This means that every day, the Plaintiff worked minimum 0.5 off-the-clock hours daily, or 2.5 off-the-clock hours per week that were not compensated at any rate, not even the minimum wage rate as required by law.

13. The Plaintiff was paid for his hours beginning at 7:00 AM. Every week, Plaintiff worked in excess of 40 hours, he was paid for his working hours at his regular rate, but he did not receive payment for overtime hours as required by law.

14. The Plaintiff did not clock in and out, but he wrote a timesheet and the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. The Plaintiff was paid bi-weekly by direct deposits, but he did not have access to see his paystubs showing the number of days and hours worked, employment taxes withheld, etc.

17. On or about February 2020, Plaintiff did not receive his regular wages, and Plaintiff complained with the owner of the business HELVER ZUNIGA, SR. about his unpaid wages and his overtime hours. Soon after, the Plaintiff was ordered to train a new employee for his position.

18. On or about February 14, 2020, the Plaintiff complained again and demanded the owner of the business HELVER ZUNIGA, SR, to be paid his regular wages and overtime hours. This time Defendant HELVER ZUNIGA, SR got very upset, committed assault and battery on Plaintiff, and fired him on the spot, without paying him his overdue wages.

19. The Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based on his best recollections. Plaintiff will amend his statement of claim after proper discovery.

20. Plaintiff FRANKLIN R. MERCEDES seeks to recover unpaid regular wages and overtime hours, accumulated during all his time of employment, liquidated damages, retaliatory damages, and any other damages, as allowable by law.

21. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular wages, or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

# COUNT I:
# WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
# FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

22. Plaintiff FRANKLIN R. MERCEDES re-adopts every pertinent and factual allegation, regarding him, as stated in paragraphs 1-21 above as if set out in full herein.

23. This action is brought by Plaintiff FRANKLIN R. MERCEDES and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

24. At all times pertinent to this Complaint, Defendant H Z & J SERVICES was engaged in interstate commerce as defined by §3 (r) and 3(s) of the Act, (29 U.S.C. § 203(r) and 203(s)). The annual gross volume of the corporation was in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

25. Plaintiff and those similarly situated individuals were employed by an enterprise engaged in interstate commerce and performed activities in furtherance of an enterprise engaged in interstate commerce. Therefore, there is FLSA individual coverage.

26. The Defendants H Z & J SERVICES, and HELVER ZUNIGA, SR. employed Plaintiff FRANKLIN R. MERCEDES, as a non-exempted, full-time, hourly employee, from approximately from September 20, 2019, to February 14, 2020, or 23 weeks.

27. The Plaintiff was hired as a local driver to deliver empty construction debris containers and to pick up full debris containers.

28. The Plaintiff was paid a wage rate of $18.00 an hour. The Plaintiff's overtime rate should be $27.00 an hour.

29. During his time of employment with Defendants, the Plaintiff worked 6 days per week. The Plaintiff had a regular schedule, and he worked from Monday to Friday from 6:30 AM to 6:30 PM (12 hours daily); on Sunday Plaintiff worked from 8:00 AM to 4:30 PM (8 hours). The Plaintiff completed a minimum average of 65.5 working hours weekly. (The Plaintiff has already deducted 3 hours of lunchtime weekly).

30. The Plaintiff was paid for his hours beginning at 7:00 AM. Every week, Plaintiff worked in excess of 40 hours, he was paid for his working hours at his regular rate, but he did not receive payment for overtime hours as required by law.

31. The Plaintiff did not clock in and out, but he wrote a timesheet and the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

32. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. The Plaintiff was paid bi-weekly by direct deposits, but he did not have access to see his paystubs showing the number of days and hours worked, employment taxes withheld, etc.

34. On or about February 14, 2020, the Plaintiff was fired by the Defendants.

35. The records, if any, concerning the number of hours worked by Plaintiff FRANKLIN R. MERCEDES, and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of the Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

36. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

37. The Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

38. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

   *Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as new evidence could dictate.

   a. <u>Total amount of alleged unpaid wages</u>:

   Five Thousand Two Hundred Seventy-Eight Dollars and 00/100 ($5,278.50)

   b. <u>Calculation of such wages</u>:

   Total period of employment: 23 weeks
   Relevant weeks of employment:   weeks
   Total hours: 65.5 hours weekly
   Total overtime hours: 25.5 hours weekly
   Regular rate: $18.00 an hour x 1.5=$27.00
   Overtime rate: $27.00 an hour-$18.00 O/T rate paid=$9.00 half-time difference

   Half-time $9.00 x 25.5 O/T hours=$229.50 weekly x 23 weeks=$5,278.50

   c. <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents the unpaid half-time overtime compensation.

39. At all times, the Employers/Defendants H Z & J SERVICES and HELVER ZUNIGA, SR. failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek, as provided in said Act.

40. Defendants H Z & J SERVICES, and HELVER ZUNIGA, SR. knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

41. At the times mentioned, individual Defendant HELVER ZUNIGA, SR. was the owner/partner and manager of H Z & J SERVICES. Defendant HELVER ZUNIGA, SR. was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of H Z & J SERVICES in relation to their employees, including Plaintiff and others similarly situated. Defendant HELVER ZUNIGA, SR. had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff's damages.

42. Defendants H Z & J SERVICES and HELVER ZUNIGA, SR. willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and

remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

43. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FRANKLIN R. MERCEDES and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff FRANKLIN R. MERCEDES and other similarly situated individuals and against the Defendants H Z & J SERVICES and HELVER ZUNIGA, SR based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff FRANKLIN R. MERCEDES and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

# COUNT II:
# F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

44. Plaintiff FRANKLIN R. MERCEDES re-adopts every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

45. This action is brought by Plaintiff FRANKLIN R. MERCEDES and those similarly-situated to recover from the Employer H Z & J SERVICES unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

46. At all times pertinent to this Complaint, Defendant H Z & J SERVICES was engaged in interstate commerce as defined by §3 (r) and 3(s) of the Act, (29 U.S.C. § 203(r) and 203(s)). The annual gross volume of the corporation was in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

47. Plaintiff and those similarly situated individuals were employed by an enterprise engaged in interstate commerce and performed activities in furtherance of an enterprise engaged in interstate commerce. Therefore, there is FLSA individual coverage.

48. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

49. The Defendants H Z & J SERVICES and HELVER ZUNIGA, SR. employed Plaintiff FRANKLIN R. MERCEDES, as a non-exempted, full-time, hourly employee from approximately from September 20, 2019, to February 14, 2020, or 23 weeks.

50. The Plaintiff was hired as a local driver to deliver empty construction debris containers and to pick up full debris containers. The Plaintiff was paid a wage rate of $18.00 an hour.

51. During his time of employment with Defendants, the Plaintiff worked 6 days per week. The Plaintiff had a regular schedule, and he worked from Monday to Friday from 6:30 AM to 6:30 PM (12 hours daily); on Sunday Plaintiff worked from 8:00 AM to 4:30 PM (8 hours). Many times, Plaintiff began to work even earlier, at 6:00 AM. The Plaintiff completed a minimum average of 65.5 working hours weekly. (The Plaintiff has already deducted 3 hours of lunchtime weekly).

52. Every day Plaintiff began to work at 6:30 AM or earlier, but he always wrote 7:00 AM as his clock-in time. This means that every day, the Plaintiff worked minimum 0.5 off-the-clock hours daily, or 2.5 off-the-clock hours per week that were not compensated at any rate. Defendants did not pay Plaintiff for a substantial number of hours at any rate, not even the minimum wage rate as required by the FLSA.

53. The Plaintiff did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

54. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

55. Moreover, on or about February 14, 2020, Defendants fired Plaintiff without paying him 3 weeks of work. Defendants did not pay Plaintiff his last 2 weeks of work, plus on week which was retained by Defendants as a "deposit" at the beginning of his employment.

56. The records, if any, concerning the number of hours worked by Plaintiff FRANKLIN R. MERCEDES, and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, the Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

57. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

58. Defendants never posted any notice, as required by the Fair Labor Standards Act, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

59. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

*Plaintiff wage-rate was $18.00 an hour. Florida's minimum wage in 2020 is $8.56, which is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   One Thousand Five Hundred Nineteen Dollars and 40/100 ($1,519.40)

   b. <u>Calculation of such wages</u>:

   Total relevant weeks of employment: 23 weeks
   Total relevant weeks of employment: 23 weeks
   Total number of unpaid hours: 2.5 off-the-clock hours
   FL minimum wage 2020: $8.56

   **1. <u>Minimum wages for 2.5 off-the-clock hours x 23 weeks</u>**

FL Min. wage $8.56 x 2.5 hours=$21.40 weekly x 23 weeks=$492.20

   **2. Minimum wages for 3 unpaid weeks**

   FL Min. wage $8.56 x 40 hours=$342.40 weekly x 3 weeks=$1,027.20

   Total #1, and #2: $1,519.40

   c. Nature of wages:

   This amount represents unpaid minimum wages.

60. Defendants H Z & J SERVICES and HELVER ZUNIGA, SR. willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

61. Defendants H Z & J SERVICES and HELVER ZUNIGA, SR. knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

62. At the times mentioned, individual Defendant HELVER ZUNIGA, SR. was the owner/partner and manager of H Z & J SERVICES. Defendant HELVER ZUNIGA, SR. was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of H Z & J SERVICES in relation to their employees, including Plaintiff and others similarly situated. Defendant HELVER ZUNIGA, SR. had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff's damages.

63. Defendants H Z & J SERVICES and HELVER ZUNIGA, SR. willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FRANKLIN R. MERCEDES and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff FRANKLIN R. MERCEDES and against the Defendants H Z & J SERVICES and HELVER ZUNIGA, SR based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

A. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

B. Award Plaintiff an equal amount in double damages/liquidated damages; and

C. Award Plaintiff reasonable attorneys' fees and costs of suit; and

D. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff FRANKLIN R. MERCEDES and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

# COUNT III:
# FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 U.S.C. 215(a)(3); AGAINST ALL DEFENDANTS

64. Plaintiff FRANKLIN R. MERCEDES re-adopts every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

65. At all times pertinent to this Complaint, Defendant H Z & J SERVICES was engaged in interstate commerce as defined by §3 (r) and 3(s) of the Act, (29 U.S.C. § 203(r) and 203(s)). The annual gross volume of the corporation was in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

66. Plaintiff and those similarly situated individuals were employed by an enterprise engaged in interstate commerce and performed activities in furtherance of an enterprise engaged in interstate commerce. Therefore, there is FLSA individual coverage.

67. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

68. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

69. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

70. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

71. The Defendants H Z & J SERVICES, HELVER ZUNIGA, SR employed Plaintiff FRANKLIN R. MERCEDES, as a non-exempted, full-time, hourly employee from approximately from September 20, 2019, to February 14, 2020, or 23 weeks.

72. The Plaintiff was hired as a local driver to deliver empty construction debris containers and to pick up full debris containers. The Plaintiff was paid a wage rate of $18.00 an hour. The Plaintiff's overtime rate should be $27.00 an hour.

73. During his time of employment with Defendants, the Plaintiff worked 6 days per week. The Plaintiff had a regular schedule, and he worked from Monday to Friday from 6:30 AM to 6:30 PM (12 hours daily). The Plaintiff completed a minimum average of 65.5 working hours weekly. (The Plaintiff has already deducted 3 hours of lunchtime weekly).

74. Every day Plaintiff began to work at 6:30 AM or earlier, but he always wrote 7:00 AM as his clock-in time. This means that every day, the Plaintiff worked minimum 0.5 off-the-clock hours daily, or 2.5 off-the-clock hours per week that were not compensated at any rate, not even the minimum wage rate as required by law.

75. The Plaintiff was paid for his hours beginning at 7:00 AM. Every week, Plaintiff worked in excess of 40 hours, he was paid for all his working hours at his regular rate, but he did not receive payment for overtime hours as required by law.

76. The Plaintiff did not clock in and out, but he wrote a timesheet and the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

77. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty

(40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

78. On or about February 2020, Plaintiff did not receive his regular wages, and Plaintiff complained with the owner of the business HELVER ZUNIGA, SR. about his unpaid wages and his overtime hours at least 3 consecutive weeks. Soon after, the Plaintiff was ordered to train a new employee in his position.

79. On or about February 14, 2020, the Plaintiff complained again and demanded HELVER ZUNIGA, SR. to be paid his regular wages and overtime hours. This time Defendant HELVER ZUNIGA, SR. got very upset, committed assault and battery on Plaintiff, and fired him on the spot, without paying him his overdue wages.

80. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

81. There is closed proximity between Plaintiff's protected activity and his termination.

82. The motivating factor which caused the Plaintiff's discharge as described above was his complaints seeking unpaid regular and overtime wages from the Defendant. In other words, the Plaintiff would not have been discharged but for his complaints about unpaid overtime wages.

83. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, the Plaintiff has been damaged.

84. Plaintiff FRANKLIN R. MERCEDES has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FRANKLIN R. MERCEDES respectfully requests that this Honorable

Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants H Z & J SERVICES and HELVER ZUNIGA, SR. that Plaintiff FRANKLIN R. MERCEDES recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants H Z & J SERVICES, HELVER ZUNIGA, SR to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff FRANKLIN R. MERCEDES further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff FRANKLIN R. MERCEDES demands trial by a jury of all issues triable as of right by a jury.

Dated: April 1, 2020

                                                    Respectfully submitted,

                                                    By: **/s/ Zandro E. Palma**
                                                    ZANDRO E. PALMA, P.A.
                                                    Florida Bar No.: 0024031
                                                    9100 S. Dadeland Blvd.
                                                    Suite 1500
                                                    Miami, FL 33156
                                                    Telephone: (305) 446-1500
                                                    Facsimile:  (305) 446-1502
                                                    zep@thepalmalawgroup.com
                                                    *Attorney for Plaintiff*